24-2110
*United States v. Espinal*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of August, two thousand twenty-five.

PRESENT:
>  ROBERT D. SACK,
>  RICHARD C. WESLEY,
>  BETH ROBINSON,
>>  *Circuit Judges.*

───────────────────────────────────────

UNITED STATES OF AMERICA,

>  *Appellee,*

>  v.                                                                  No. 24-2110

LUIS ESPINAL, AKA PUCHO,

>  *Defendant-Appellant.*\*

───────────────────────────────────────

───────────────────

\* The Clerk's Office is directed to amend the caption as reflected above.

FOR APPELLEE: MARGUERITE B. COLSON, Assistant United States Attorney (Olga I. Zverovich, *on the brief*), *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

DEFENDANT-APPELLANT: SARAH BAUMGARTEL, Of Counsel, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 5, 2024, is **AFFIRMED.**

Defendant-Appellant Luis Espinal appeals the 80-month sentence he received after pleading guilty to unlawfully possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In May 2023, Espinal and two other individuals were walking on White Plains Road in the Bronx. While they stopped to talk with someone, two men ("Victim-1" and "Victim-2") walked by across the street. There is no evidence that

Espinal knew Victim-1 or Victim-2. Espinal and the men exchanged words, and Victim-1 walked towards Espinal. When Victim-1 was a few feet away, Espinal pulled out his gun, fired two shots, and then ran. One of the individuals with Espinal also fired shots. Victim-1 wasn't injured; however, Victim-2 suffered a gunshot wound to his leg and was hospitalized.

Espinal was arrested and charged with possessing ammunition following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). In August 2023, Espinal moved to dismiss the indictment, arguing that § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). In September 2023, the district court denied the motion.

Espinal then pleaded guilty, without a plea agreement, to the § 922(g)(1) charge. In the Presentence Report, the Probation Officer determined that Espinal used or possessed ammunition in connection with attempted second-degree murder, resulting in a base offense level of 27 pursuant to U.S.S.G. § 2A2.1(a)(2), and applied a two-level injury enhancement pursuant to § 2A2.1(b)(1)(B) to account for the injury to Victim-2. Espinal objected to the application of the base offense level for attempted murder on the basis that he lacked the specific intent to kill and acted in self-defense. He also argued that the two-level enhancement

didn't apply because it couldn't be determined with reasonable certainty that he, rather than the other shooter, injured Victim-2.

The district court disagreed. Based on its review of the video capturing the incident, it concluded that Espinal didn't act in self-defense and had the requisite specific intent to kill. It thus applied the base offense level for attempted murder. The district court also concluded that because it was "highly unlikely" that the second shooter was the one who struck Victim-2, Espinal should receive the two-level enhancement for causing serious bodily injury. App'x 71–72. Based on these rulings, and a three-level reduction for Espinal having accepted responsibility, the district court calculated a total offense level of 26, with a corresponding Guidelines range of 110 to 137 months. After considering the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Espinal to 80 months of incarceration.

## I.      18 U.S.C. § 922(g)(1)

We recently addressed the constitutionality of § 922(g)(1) and affirmed that the felon-in-possession law is facially constitutional and held that it is not subject to as-applied challenges. *Zherka v. Bondi*, 140 F.4th 68, 74-75, 91-93 (2d Cir. 2025). In a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), Espinal concedes that our holding forecloses his facial and as-applied challenges to the

constitutionality of § 922(g)(1). Accordingly, we conclude the district court was correct to deny his motion to dismiss the indictment.

## II. Guidelines Calculation

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range . . . ." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017).[1] Espinal argues that his sentence is procedurally unreasonable because the district court erroneously applied the base offense level for attempted murder when he did not shoot with an intent to kill and erroneously applied the two-level enhancement for causing serious bodily injury. We disagree.

Here, we review the district court's application of § 2A2.1 and the injury enhancement for clear error. When we review a "district court's application of the Guidelines to the specifics facts of a case, we . . . follow an either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). The district court's determination of Espinal's intent when he

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

fired the gun, and its assessment of the likelihood that Espinal's shot caused the injury to Victim-2, were factual findings the district court made based on its assessment of the events depicted in the video—determinations we review for clear error.

The fact that the incident was recorded by video doesn't change this conclusion. *See* Fed. R. Civ. P. 52(a)(6) ("Findings of fact, *whether based on oral or other evidence*, must not be set aside unless clearly erroneous.") (emphasis added); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) (holding that "clearly erroneous" standard applies "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts"). And the district court's inferences from the video as to Espinal's intent and the cause of Victim-2's injuries were clearly factual in nature. *See United States v. James*, No. 23-7352, 2024 WL 4456205, at *1 (2d Cir. Oct. 10, 2024) (summary order) (concluding that whether a defendant acted with the specific intent to kill is a "primarily factual determination" that we review for clear error); *cf. Jordan v. U.S. Parole Comm'n*, 552 F. App'x 56, 59 (2d Cir. 2014) (summary order) (concluding that the district court's finding of life-threatening injury was not in error because the record supported it).

*A.* *Base Offense Level*

Applying this standard, we conclude that the district court's findings that Espinal had the specific intent to kill and wasn't acting in self-defense aren't clearly erroneous. *See United States v. Harry*, 130 F.4th 342, 346 (2d Cir. 2025) (noting that the clear error standard permits us to set aside a district court's factual findings "only if we are left with the definite and firm conviction that a mistake has been committed"). The video shows that Espinal fired directly at Victim-1 at close range twice. As soon as Espinal took out his firearm, Victim-1 ran away, and Espinal fired the second shot while Victim-1 was on the ground attempting to flee. Victim-1 did approach Espinal, but it doesn't appear that he was walking quickly, made any sudden movements, or reached for a weapon.

*B.* *Injury Enhancement*

Espinal raises two challenges to the district court's application of the two-level injury enhancement: 1) that there was insufficient evidence to conclude that he was the shooter who injured Victim-2, and 2) the enhancement is inapplicable as a matter of law because Victim-2 wasn't the intended target of his shots. We address each in turn.

The district court didn't clearly err in finding that it was Espinal who fired the shot that injured Victim-2. As the district court noted, Victim-2 was in Espinal's "direct line of fire." App'x 71. And the second shooter was off to the right side of the incident and behind a large pole. Based upon the angle and position of the second shooter and the fact that Victim-2 was directly in line with Espinal's shots, we can't conclude that it was clear error for the district court to find that Espinal fired the shot that injured Victim-2.

As to Espinal's legal challenge, because he did not make the argument to the district court, we review for plain error. *United States v. Wagner-Dano*, 679 F.3d 83, 91 (2d Cir. 2012) ("[O]ur general rule is that issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error."). To satisfy the plain-error standard, Espinal must demonstrate that the error affected his substantial rights, "which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 593 U.S. 503, 507–08 (2021). We conclude that Espinal hasn't met this burden.

For one thing, Espinal's sentence remained 12 months *below* the low end of the Guidelines range even *without* the enhancement. Although we generally vacate sentences when the district court has miscalculated the applicable Guidelines range, even if the ultimate sentence is within or below the properly calculated range, in exceptional cases we can discern that notwithstanding the anchoring effect of the Guidelines calculation, "a reasonable probability of prejudice does not exist." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). This is such a case.

At sentencing, the district court emphasized its focus on Espinal's individual situation, "notwithstanding the [G]uidelines," and explained its downward variance from the Guidelines range with reference to Espinal's age, the conditions Espinal experienced at the Metropolitan Detention Center, and his remorse. App'x 81. The district court said the "sentence would be the same even if [it] had found no intent to kill, or that robbery third degree was not a crime of violence." App'x 74. This is a strong indication that neither the Guidelines calculation nor the modest enhancement for injuring Victim-2 substantially drove the district court's ultimate sentence.

Moreover, had the district court *not* applied the two-level enhancement for serious bodily injury under § 2A2.1(b)(1)(B), other enhancements may well have applied. In *United States v. Malpeso*, 115 F.3d 155 (2d Cir. 1997), on which Espinal primarily relies, we concluded that the "victim" for the purposes of the § 2A2.1(b)(1) enhancement "refers to the single intended victim of the attempted murder, and thus does not encompass" injury to a "bystander," *id.* at 170. But we also concluded that injury to a bystander is a "proper ground for upward departure" under § 5K2.0. *Id.* at 169–70.

In addition, the commentary to Guidelines § 2A2.1 provides a basis for an upward departure from this range "[i]f the offense created a substantial risk of death or serious bodily injury to more than one person." U.S.S.G § 2A2.1(b)(1)(B) cmt. 2. The video establishes that Espinal fired two shots at Victim-1 in close range with Victim-2 standing behind Victim-1 in the line of fire. His conduct created a substantial risk of death or serious bodily injury to both Victim-1 and Victim-2. So if the district court had not increased the calculated Guidelines range based on the injury to Victim 2, this guidance in the commentary to § 2A2.1 could warrant an upward departure in the Guidelines range, leaving it close to the level that the

district court initially calculated regardless of whether Espinal fired the shot that struck Victim-2.

In light of all these considerations, we conclude that Espinal hasn't met his burden in establishing a reasonable probability that the sentence would have been different had he timely challenged the district court's application of § 2A2.1(b)(1)(B).

\* \* \*

For the reasons stated above, the District Court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court